HORTON, J.,
concurring.
I fully concur in the Court’s decision. The Court properly concludes that the size and location of the Christensens’ fabric building does not constitute a private nuisance that may be abated by requiring its relocation. Given that the district court focused on the cumulative effect of the size and location of the building as well as the Christensens’ activities (and those activities the Christen-sens permit third parties to engage in) on their property, I believe that the judgment must be vacated and this matter remanded for further proceedings.
That being said, it is clear to me that, upon remand, the district court could properly determine that the Christensens have created a nuisance by engaging in or permitting activities on their property that have resulted in the McVicars’ complaints about noise, light, offensive odors, dust and flies. If the district court were to find that the activities on the Christensens’ property constitute a nuisance, it could direct the Christensens to abate the nuisance by requiring that such activities be conducted (1) at a specified distance from the McVicars’ property and/or (2) only at specified times. Although such relief might well lead the Christensens to conclude that the building must to be relocated in order to resume the uses to which it is presently being put, that is a decision that the Christensens, not the district court, must make.